IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AVVA, Inc.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-03168 |
| | § | |
| **Avamobility, Inc.** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AVVA, INC.'S ORIGINAL COMPLAINT**

Plaintiff AVVA, Inc. ("*AVVA*" or "*Plaintiff*") files this Original Complaint against Avamobility, Inc. ("*Defendant*") and shows:

### I.   NATURE OF ACTION

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125 and Texas common law.

### II.   THE PARTIES

2. Plaintiff is a Texas limited liability company located at 100 Crescent Court, Suite 1725 Dallas, Texas 75201.

3. Upon information and belief, Defendant is a Hawaii corporation located at 1390 S Kihei Rd, Kihei, Hawaii 96753.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff asserts claims arising under 15 U.S.C. §§ 1114, 1116, 1117, and 1125 of the

Lanham Act. This Court has supplemental and pendent jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has committed tortious acts in this district. Defendant actively operates, markets, or advertises its offerings in this district using the infringing trademarks at issue in this case.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.    FACTS GIVING RISE TO THIS ACTION

### A.    AVVA's Business and Trademarks

7. Since at least as early as 2020, AVVA has provided a variety of automobile dealership services, including subscription services, and related enterprise software under the wordmark AVVA, the AVVA Mark & Design (  ), and the AVVA Mark & Design (  ) (collectively, the "***AVVA Marks***").

8. Since that time, AVVA has substantially exclusively and continuously used the AVVA Marks in connection with automobile dealership services and software. AVVA has expended considerable effort and expense in promoting and offering quality automobile dealership services and software offerings with a unique subscription-based business model under the AVVA Marks, including an "AVVA mobile application". As a result of these efforts, the AVVA Marks have become strongly identified by the public with AVVA, and AVVA enjoys substantial goodwill in the AVVA Marks.

9. AVVA and the AVVA Marks are well-recognized throughout Texas and across the nation as an innovator and provider of automobile dealership services and related enterprise software. AVVA currently serves customers within the United States.

10. AVVA advertises its goods and services under the AVVA Marks through its business website located at <www.driveavva.com>, which AVVA registered on June 16, 2020, ("*AVVA's Website*") on social media pages, and other internet platforms. A true and correct copy of the WHOIS report for <www.driveavva.com> printed on December 17, 2024, is attached as **Exhibit A**.

**B.    AVVA's Trademark Registrations and Applications**

11. Consistent with its use of, and common law rights in, the AVVA Marks, AVVA owns the valid and subsisting federal registration, U.S. Trademark Registration No. 7,516,473 for the AVVA Mark & Design ![AVVA logo] covering *automobile dealerships* services in Class 35 (the "*AVVA Registration*"). True and correct copies of the AVVA Registration certificate dated September 24, 2024, and the AVVA Registration Trademark Status Reports printed on December 17, 2024, are attached as **Exhibit B**.

12. Pursuant to 15 U.S.C. § 1115, the AVVA Registration represents prima facie evidence of the validity of the covered AVVA Mark & Design ( ![AVVA logo] ) and AVVA's exclusive right to use the mark in connection with automobile dealership services in United States commerce.

13. AVVA also owns U.S. Trademark Application No. 98/714,613 for the AVVA Mark & Design (△V√△) covering *computer software* in Class 9 and *computer and technology services* in Class 42.

14. In addition, on August 23, 2024, AVVA filed U.S. Trademark Application No. 98/714,606 for the mark AVVA MOBILITY, and U.S. Trademark Application No. 98/714,609 for the AVVA MOBILITY Mark & Design ( ) each covering *computer software* in Class 9 and *computer and technology services* in Class 42.

**C.     Defendant's Wrongful, Unauthorized, and Misleading Conduct**

15. On March 30, 2023, Defendant registered as a domestic profit corporation with the State of Hawaii under the name "AVAMOBILITY INC", listing its purpose as a "startup focusing on building advanced mobility solutions and consulting". A true and correct copy of Defendant's Domestic Profit Corporation record from the State of Hawaii's Hawaii Business Express search platform as captured on November 14, 2024, is attached as **Exhibit C**.

16. In or around August 2024, AVVA discovered Defendant's use of the terms "AVA" and "AVA Mobility", including a stylized version that features broken "A" characters, resembling the AVVA Marks (collectively, the "*Infringing Marks*") in connection with the advertising and marketing of autonomous vehicle services and related software offerings.

17. On information and belief, Defendant is the registrant of the website located at <www.avamobility.com>, which was registered on December 16, 2021, ("*Defendant's Website*") through which it advertises its subscription-based autonomous vehicle services and related software ("*Defendant's Goods and Services*") under the Infringing Marks. As shown below,

4

Defendant's Website features a purple, black, and white color scheme that resembles AVVA's Website:



A true and correct copy of the WHOIS Report for <www.avamobility.com> printed on December 17, 2024, is attached as **Exhibit D**. True and correct copies of Defendant's website and AVVA's Website as captured on December 18, 2024, are attached as **Exhibit E**.

18.     On information and belief, Defendant also advertises Defendant's Goods and Services under the Infringing Marks on its various social media pages and through sponsoring vehicle-related events, such as the annual Indy Autonomous Challenge competition. A true and correct copy of an article published by Yahoo! Finance listing "AVA Mobility" as an "industry

sponsor" for the AI Racing Tech Team at the 2023 Indy Autonomous Challenge competition dated December 15, 2023, is attached as **Exhibit F**.

19. Defendant provides vehicle services and software similar to those of AVVA, including by offering vehicle services through a subscription-based application to connect consumers with vehicles via its "AVA mobile app".

20. According to Defendant's Website, in addition to advertising and offering its goods and services under the Infringing Marks throughout the United States, Defendant plans to "export tech knowledge-based using AVAMobility products worldwide to other communities with similar destination environments as well as large and small retirement communities."



Grow Maui as a recognized tech hub in the Autonomous Vehicle market sector specializing in community-served autonomous macro-mobility low-speed vehicles by developing educational opportunities and internships for students and people wanting to start a new career; export tech knowledge-based using AVAmobility products worldwide to other communities with similar destination environments as well as large and small retirement communities.

Reach out to the community and host Show & Tells as the program meets its goals so that the community can see, hear and touch AVA. We want it to be something we all contributed to making a success by making sure it is tuned to meet the community's needs.

**D.     Defendant Refuses to Stop its Wrongful Conduct**

21. On August 6, 2024, at AVVA's direction, Counsel for AVVA sent Defendant a cease-and-desist ("*AVVA's Cease-and-Desist Letter*") letter via email notifying Defendant of AVVA's rights in the AVVA Marks and the AVVA Registration and explaining that Defendant's use of the Infringing Marks is unauthorized by AVVA and is likely to cause consumer confusion.

22.     After receiving no response or acknowledgment of the correspondence, Counsel for AVVA again emailed a copy of AVVA's Cease-and-Desist Letter to Defendant and also mailed a copy of AVVA's Cease-and-Desist Letter to Defendant on August 30, 2024, to the address listed on Defendant's Website to ensure receipt. A true and correct copy of AVVA's Cease-and-Desist Letter dated August 6, 2024, which was sent via email to Defendant on August 6, 2024, and via email and FedEx to Defendant on August 30, 2024, is attached as **Exhibit G**.

23.     In addition to providing notice of AVVA's rights in the AVVA Marks, AVVA's Cease-and-Desist Letter demanded that Defendant cease all use of the Infringing Marks in connection with advertising or offering of automobile services or automobile-related software and refrain from using a name or mark confusingly similar to the AVVA Marks in the future.

24.     AVVA's Cease-and-Desist Letter further requested that Defendant respond in writing to confirm its agreement to comply with the demands set forth therein.

25.     Despite sending AVVA's Cease-and-Letter twice via email as well as via Fed Ex in August 2024, AVVA has received no response from Defendant.

26.     Upon information and belief, Defendant continues to advertise and offer its automobile and related software under the Infringing Marks in violation of the Lanham Act and Texas law despite having received notice of AVVA's senior rights in the AVVA Marks and the AVVA Registration.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement - 15 U.S.C. § 1114(1))

27.     AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

28. AVVA is the owner of the AVVA Mark & Design () covered by the AVVA Registration (U.S. Trademark Reg. No. 7,516,473) in connection with automobile dealerships services in International Class 35, which it has used since at least as early as 2020.

29. On information and belief, Defendant began using the Infringing Marks in connection with the offering and advertising of subscription-based vehicle services and related software without AVVA's authorization in 2023.

30. Defendant's vehicle offerings are competitive with and/or substantially similar to the goods and services offered by AVVA under the AVVA Marks and covered by the AVVA Registration.

31. Defendant's offerings are related to and within the natural scope of expansion of the goods and services offered under the AVVA Marks.

32. Defendant's target customers are the same as those of AVVA.

33. Defendant's conduct—including its prominent use of the Infringing Marks in conjunction with advertising and providing vehicles and vehicle software offerings—is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AVVA, or as to the origin, sponsorship, or approval of Defendant's offerings by AVVA, when such does not exist.

34. Defendant's acts constitute infringement of the AVVA Marks, including the mark covered by the AVVA Registration in violation of Section 32 of the Lanham Act 15 U.S.C. § 1114.

35. Defendant's infringement of the AVVA Marks was and is willful because Defendant was aware of the AVVA Marks prior to its use of the Infringing Marks or, alternatively, has been aware of the AVVA Marks since no later than August 6, 2024, when it received AVVA's

Cease-and-Desist Letter to Defendant, outlining AVVA's rights in the AVVA Marks and the AVVA Registration.

36. Despite receiving notice of AVVA's senior rights in the AVVA Marks and the AVVA Registration, Defendant has willfully continued to advertise and operate its business under the Infringing Marks and, upon information and belief, plans to continue such use.

37. AVVA has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the AVVA Marks.

38. AVVA is entitled to monetary damages for Defendant's infringement.

39. AVVA has been, is, and will be irreparably harmed by Defendant's infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendant will continue to infringe the AVVA Marks.

**SECOND CAUSE OF ACTION**
**(Federal False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a))**

40. AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

41. Defendant's conduct has and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AVVA, or as to the origin, sponsorship or approval of Defendant's goods or services by AVVA when such does not exist.

42. Defendant's offerings are related to and within the natural scope of expansion of the goods and services offered under the AVVA Marks.

43. Defendant's target customers are the same as those of AVVA.

44. Defendant's acts constitute false designation of origin, which is likely to cause and have caused confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Upon information and belief, Defendant's conduct was and is willful.

46. The willful nature of Defendant's actions entitles AVVA to recover profits, damages, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

47. AVVA has suffered and will continue to suffer irreparable harm as a result of such false designation of origin by Defendant and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, Defendant will continue to misrepresent and mislead consumers to believe that its goods and services are in some manner connected with, sponsored by, affiliated with, related to, or approved by AVVA.

### THIRD CAUSE OF ACTION
### (Trademark Infringement under Texas Common Law)

48. AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

49. AVVA owns all rights, title, and interest in and to the AVVA Marks, including common law rights in such marks that date back to 2020.

50. The Infringing Marks are confusingly similar to the AVVA Marks.

51. Defendant has used and is using the Infringing Marks in connection with goods and services identical or substantially similar to those covered by the AVVA Marks.

52. Defendant's use of the Infringing Marks is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AVVA, or as to the origin sponsorship, or approval of Defendant's goods and services by AVVA when such does not exist.

53. Defendant's use of the Infringing Marks has caused and will continue to cause damage to AVVA unless Defendant is enjoined from such unlawful conduct.

54. Defendant's actions entitle AVVA to recover profits, damages, costs, and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (Unfair Competition under Texas Common Law)

55. AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this cause of action.

56. Upon information and belief, Defendant's unlawful acts were and continue to be willful and are likely to confuse, mislead, and deceive consumers and other members of the public, and create a false impression in the minds of the public that AVVA is responsible for, or at least affiliated with, Defendant and Defendant's goods and services promoted under the Infringing Marks, causing AVVA's immediate and irreparable damage.

57. Defendant's wrongful conduct constitutes unfair competition under Texas common law because Defendant has misappropriated the AVVA Marks, and its use of the Infringing Marks is likely to cause customer confusion.

58. If Defendant's wrongful conduct continues, it will cause irreparable damage to AVVA, its trademark rights in the AVVA Marks, and its goodwill and reputation.

59. Accordingly, AVVA has been damaged, and unless Defendant is restrained and enjoined, AVVA will continue to be damaged by Defendant's acts as described above.

60. AVVA has and continues to be irreparably injured by Defendant's unfair competition and has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### (Anti-Cybersquatting Consumer Protection Act - 15 U.S.C. § 1125(d))

61. AVVA repeats, realleges, and incorporates the allegation above as if fully set forth in this section.

62. Defendant has registered, maintained, and used the domain name <www.avamobility.com> in an effort to divert Internet users searching for information regarding AVVA's goods and services to Defendant's website page featuring offerings competitive with or closely related to AVVA's offerings.

63. The unlawful acts of Defendant as described above were and continue to be committed by Defendant with a bad faith intent to profit from the AVVA Marks.

64. The <www.avamobility.com> domain name owned by Defendant is confusing similar to the AVVA Marks.

65. Defendant's website underlying the <www.avamobility.com> domain owned by Defendant resembles AVVA's primary business website <www.driveavva.com> featuring its AVVA Marks, including by using a similar purple, white, and black color scheme.

66. Defendant's acts violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 (d).

67. As a result of Defendant's wrongful conduct, AVVA is entitled to injunctive remedies, including transfer of the <www.avamobility.com> domain name under 15 U.S.C. § 1125(d)(1)(C), damages, costs, and attorneys' fees.

## VI. ATTORNEY'S FEES

68. AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this section.

69. AVVA was required to retain the undersigned's services in the prosecution of this claim. Pursuant to 15 U.S.C. § 1117(a), AVVA seeks reasonable and necessary attorneys' fees.

## VII. APPLICATION FOR INJUNCTIVE RELIEF

70. AVVA repeats, realleges, and incorporates the allegations above as if fully set forth in this section.

71. Defendant's acts are wrongful, violate the Lanham Act and Texas law, and have caused and are continuing to cause, substantial and irreparable damage to AVVA for which there is no adequate remedy at law. Defendant has improperly used and will continue to improperly use the Infringing Marks unless this Court prevents it from doing so. AVVA will continue to lose control over its own reputation and goodwill, and the public and consumers likely will continue to be confused, misled, and deceived by the fact that Defendant offers competing or related services using the Infringing Marks. AVVA has a substantial likelihood of success on the merits and is therefore entitled to an injunction preventing Defendant's continued infringement, including an injunction against Defendant's continued use of the Infringing Marks.

72. AVVA requests that Defendant, all companies owned or controlled by it either directly or indirectly, their employees, representatives, agents, members, and others acting in concert with them, be preliminarily and permanently enjoined from use of the Infringing Marks or any mark confusingly similar to the AVVA Marks in connection with automobile dealership services and automobile software goods or services.

73. AVVA further requests that Defendant's <www.avamobility.com> domain name be transferred to AVVA in accordance with 15 U.S.C. § 1125(d)(1)(C).

## VIII. PRAYER FOR RELIEF

AVVA respectfully prays that:

A. Defendant, its officers, members, managers, affiliates, agents, employees, servants, representatives, any entities owned or controlled by it, and all persons acting under or in concert

13

with it, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using the Infringing Marks, or any other mark, word, or name confusingly similar to or including AVVA Marks, in connection with automobile services and vehicle software goods or services and related offerings;

      B.      Defendant's <www.avamobility.com> domain name be transferred to AVVA;

      C.      Defendant be ordered to file with this Court and to serve upon AVVA, within thirty (30) days after entry to the injunction(s), a sworn written report setting forth in detail the manner in which Defendant has complied with the injunction(s);

      D.      Defendant be required to account for and pay to AVVA all profits and benefits it derived as a result of the activities complained of herein;

      E.      Defendant be required to pay to AVVA actual, consequential, and compensatory damages sustained as a result of the activities complained of herein;

      F.      Defendant be required to pay increased damages due to its willful infringement;

      G.      Defendant be required to pay pre-judgment and post-judgment interest at the highest rates allowed by law;

      H.      Defendant be required to pay AVVA's costs and attorneys' fees associated with this action; and

      I.      AVVA be awarded such other and further relief, legal or equitable, as the Court may deem just and proper.

Dated: December 18, 2024                                Respectfully submitted,

                                                                  By: */s/ Amanda K. Greenspon*
                                                                      Amanda K. Greenspon
                                                                      Florida Bar No. 1014584
                                                                      agreenspon@munckwilson.com
                                                                      Allison R. Ainsworth
                                                                      State Bar No. 24132233
                                                                      aainsworth@munckwilson.com
                                                                      **MUNCK WILSON MANDALA, LLP**
                                                                      1900 Texas Capital Center
                                                                      2000 McKinney Avenue
                                                                      Dallas, Texas 75201
                                                                      Telephone:  972-628-3600
                                                                      Facsimile:   972-628-3616

                                                                      **ATTORNEYS FOR PLAINTIFF**
                                                                      **AVVA, INC.**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served to all counsel of record by ECF filing on December 18, 2024.

                                                                   */s/ Amanda K. Greenspon*
                                                                    Amanda K. Greenspon