IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVVA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3168-S |
| | § | |
| AVAMOBILITY, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff AVVA, Inc. filed this lawsuit against Defendant Avamobility, Inc. for trademark infringement, unfair competition, and cybersquatting, in violation of federal and Texas law. *See* Dkt. No. 1.

After AVAA obtained an entry of default against Avamobility, *see* Dkt. Nos. 8 & 9, AVVA filed a court-ordered motion for default judgment, *see* Dkt. Nos. 10 & 13.

United States District Judge Karen Gren Scholer then referred the motion for default judgment to the undersigned United States magistrate judge. *See* Dkt. No. 14; 28 U.S.C. § 636(b).

And the undersigned recommends that, for the reasons set out below, the Court deny the motion for default judgment.

**Discussion**

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was

entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

While the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

But, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

And, where AVVA has provided factual content to plausibly support its allegations that Avamobility violated provisions of the Lanham Act and the Anti-Cybersquatting Consumer Protection Act, both federal statutes, *see* Dkt. No. 1, ¶¶ 7-26, there is federal question jurisdiction under 28 U.S.C. § 1331, *see Copeland v.*

*E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) ("[W]hen a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977)))).

But AVVA has not shown that the Court has jurisdiction over Avamobility, alleged to be, "[u]pon information and belief," "a Hawaii corporation," located in Kihei, Hawaii. Dkt. No. 1, ¶ 3; *cf. Smith v. Select Portfolio Servs.*, No. 3:26-cv-1802-S-BN, 2026 WL 2019879, at *2 (N.D. Tex. July 13, 2026) ("'While it may be sufficient to allege jurisdiction on information and belief in the nascency of litigation or where the party asserting jurisdiction is unable to ascertain jurisdictional facts with reasonable certainty,'" "factual assertions sufficient to allege" jurisdiction are still required. (quoting *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 576 (5th Cir. 2025))).

First, "none of the federal statutes allegedly violated by [Avamobility] provide for nationwide service of process. *See Hogar Crea, Inc. v. Hogar Crea Int'l of Connecticut, Inc.*, 708 F. Supp. 2d 158, 166 (D.P.R. 2009) (Lanham Act does not provide for nationwide service of process); *Toytrackerz LLC v. Koehler*, No. 08-2297-GLR, 2009 WL 1505705, at *3 (D. Kan. May 28, 2009) (neither the Lanham Act nor the Anti-Cybersquatting Consumer Protection Act provide for nationwide service of

process)." *IvyMedia Corp v. Take Tour, Inc.*, Civ. A. No. 12-1153-NMG, 2013 WL 5290551, at *5 (D. Mass. July 9, 2013) (cleaned up).

And, "absent a controlling federal statute regarding service of process, the determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite." *Springboards to Educ., Inc. v. Families In Schs.*, No. 3:16-cv-2512-D, 2017 WL 10434713, at *2 (N.D. Tex. Nov. 15, 2017) (citing *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)).

That is, a federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to

establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
>
> > (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
>
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up). "That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285). "Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475)).

And, like here, where the Court is considering personal jurisdiction over a nonresident defendant based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 (5th Cir. 2016) (citations omitted).

But "[t]his liberal standard does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Springboards to Educ.*, 2017 WL 10434713, at *4 (citation omitted).

As pleaded, Avamobility is alleged to have infringed AVVA's intellectual

property primarily through its website:

> On information and belief, Defendant is the registrant of the website located at <www.avamobility.com>, which was registered on December 16, 2021, ("Defendant's Website") through which it advertises its subscription-based autonomous vehicle services and related software ("Defendant's Goods and Services") under the Infringing Marks….
>
> Defendant provides vehicle services and software similar to those of AVVA, including by offering vehicle services through a subscription-based application to connect consumers with vehicles via its "AVA mobile app."
>
> According to Defendant's Website, in addition to advertising and offering its goods and services under the Infringing Marks throughout the United States, Defendant plans to "export tech knowledge-based using AVAMobility products worldwide to other communities with similar destination environments as well as large and small retirement communities."

Dkt. No. 1, ¶¶ 17, 19, & 20 (cleaned up); *see also id.*, ¶ 18 ("On information and belief, Defendant also advertises Defendant's Goods and Services under the Infringing Marks on its various social media pages and through sponsoring vehicle-related events, such as the annual Indy Autonomous Challenge competition.").

Based on the complaint, the undersigned does not understand AVVA to allege that there is general jurisdiction over Avamobility because it is at home in Texas.

Instead, AVVA appears to contend that specific jurisdiction has been established primarily based on Avamobility's website.

And, "[w]hen specific jurisdiction is based on online interactions via an Internet website, the Fifth Circuit follows the sliding scale adopted in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)." *Springboards to Educ.*, 2017 WL 10434713, at *5 (citation omitted); *accord DISH Network, L.L.C. v. Elahmad*, No. 23-20180, 2024 WL 1008585, at *3 (5th Cir. Mar. 8, 2024) (per curiam) ("[W]here, as here, a defendant's website is the basis for specific jurisdiction, our

circuit applies the framework set out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).” (citing *Admar Int’l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021))).

> *Zippo* requires the court to assess the level of interactivity of the defendant’s website and prescribes a separate course of action for each of the three categories of websites: (1) where a website is nothing more than a passive advertisement, the court must decline to exercise personal jurisdiction; (2) where a website facilitates contractual relationships and the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper; and (3) where a website falls somewhere in between, the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Springboards to Educ.*, 2017 WL 10434713, at *5 (cleaned up); *accord Elahmad*, 2024 WL 1008585, at *3 (“Under *Zippo*, a defendant does not purposefully avail itself of the benefits and protections of the forum state if the website is passive, simply posting information that people can see. Nor does a defendant have sufficient minimum contacts with a forum state just because its website is accessible there. But if the defendant enters into contracts with residents of the foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet or the site interacts with its visitors, sending and receiving information from them, we must then apply our usual tests to determine whether the virtual contacts that give rise to the plaintiff’s suit arise from the defendant’s purposeful targeting of the forum state.” (cleaned up)).

AVVA just has not alleged enough factual content to allow the Court to assess the interactivity of Avamobility’s website where it has alleged that, “through [its website Avamobility] advertises its subscription-based autonomous vehicle services

and related software" and that, "[a]ccording to Defendant's Website, in addition to advertising and offering its goods and services under the Infringing Marks throughout the United States, Defendant [states its] plans."

And, although, AVVA includes an allegation that hints at more interactivity – that Avamobility "provides vehicle services and software similar to those of AVVA, including by offering vehicle services through a subscription-based application to connect consumers with vehicles via its 'AVA mobile app'" – it's not clear from the complaint (or otherwise) how that service is offered, such that the Court can meaningfully assess the interactive nature of Avamobility's website and/or how else it has purposefully availed itself of the privilege of conducting activities in Texas.

"At bottom, *Zippo* seeks to answer the question: Has the defendant targeted the forum state?" *Admar Int'l*, 18 F.4th at 786.

And, so, the Fifth Circuit has "warned that '[a]lthough interactivity along the *Zippo* sliding scale can be an important factor ... because it can provide evidence of purposeful conduct,' [courts] must still 'focus[ ] on the nature and quality of online and offline contacts to demonstrate the requisite purposeful conduct that establishes personal jurisdiction.'" *Elahmad*, 2024 WL 1008585, at *3 (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227 n.7 (5th Cir. 2012)).

And, under the authority set out above, AVVA has not demonstrated through its complaint, its motion for default judgment, or otherwise that Avamobility's purposeful contacts with Texas (and/or Texans) establish a prima facie case of specific jurisdiction, such that the Court can enter a default judgment against this defendant.

*Cf. Sys. Pipe & Supply*, 242 F.3d at 324 ("[A] district court has a duty to assure that it has the power to enter a valid default judgment" and "commit[s] no error in raising the issue of personal jurisdiction *sua sponte*.").

**Recommendation**

The Court should deny Plaintiff AVVA, Inc.'s motion for default judgment [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 4, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE